UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KEITH CROSS,

                Plaintiff,                                **MINUTE ENTRY AND ORDER**
                                                                                         09-CV-03873 (RRM) (CLP)

      - against -

BALLY'S TOTAL FITNESS CORPORATION,
EDDIE SEITZ,

                Defendant.
-------------------------------------------------------------X

**ROSLYNN R. MAUSKOPF, United States District Judge.**

      The Court held a pre-motion conference this day to address Defendants' request to move for Summary Judgment. Present for Plaintiff was Ms. Violet Samuels; present for Defendants Bally's Total Fitness Corporation and Eddie Seitz was Ms. Demetra Sophocleous. Before addressing Defendants' anticipated motion, the Court raised *sua sponte* the basis for this Court's subject matter jurisdiction.[1]

      This is a diversity action solely alleging state law claims. According to the Complaint, Plaintiff is a resident of New York;[2] Defendant Eddie Seitz "has a business address at 159-26 Jamaica Avenue, Jamaica, New York 11435" and "was an employee of the defendant, Bally's Total Fitness Corporation, at its premises located at 159-26 Jamaica Avenue, Queens, New York;"[3] and

---

[1] Counsel for Defendants indicated (and Plaintiff's counsel did not dispute) that at the early stages of this case in proceedings before the Magistrate Judge, she raised the fact that the parties were not completely diverse and that the Court lacked subject matter jurisdiction, but she agreed to allow the case to proceed for the limited purpose of attempting a resolution of the claims. Now that Defendants seek to move for summary judgment, Defendants' counsel indicated that Defendants join in the Court's concern that there are fatal issues that defeat subject matter jurisdiction.

[2] Although Plaintiff pleads his *residence* as New York, which is insufficient to establish citizenship for purposes of diversity jurisdiction, *Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) (*citing Leveraged Leasing Admin. Corp. v. PacifiCorpt Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996 ("[I]t is well-established that allegations of residency alone cannot establish citizenship . . ."), the Court will assume for purposes of this Order that Plaintiff is a New York *citizen*.

[3] Defendants' counsel represented that Defendant Seitz both works and resides in New York.

Defendant Bally's Total Fitness Corporation ("Bally's) is a citizen of California by virtue of its principal place of business.

Plaintiff's counsel maintained that to establish diversity jurisdiction, she imputes California citizenship to Defendant Seitz based on the allegation that Seitz is employed, albeit in New York, by a California corporation. When pressed, Plaintiff's counsel conceded that she was unaware of any legal authority for the proposition that the citizenship of a party for purposes of diversity jurisdiction could rest on the citizenship of the party's co-defendant employer. Following this discussion, Plaintiff conceded that the Court lacked subject matter jurisdiction and consented to dismissal of the action, indicating that she would re-file this action in state court.

Based on the foregoing, the Complaint is DISMISSED and the Clerk of Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
        March 24, 2011                            /S/
                                            _____
                                            ROSLYNN R. MAUSKOPF
                                            United States District Judge